CAMBRIA IRON CO. *v.* LACLEDE WIRE & FENCE CO. (TURNER, Inter-venor.)[1]

*(Circuit Court, E. D. Missouri.* February 5, 1886.)

1. CORPORATIONS—LIEN FOR WAGES UNDER SECTION 761, REV. ST. MO.—ATTACH-MENT.
    The lien of an employe of a corporation, under section 761, Rev. St. Mo., for wages, is superior to that of a general creditor who attaches after such wages fall due.

2. SAME.
    An assignment of the claim will pass the lien.

At Law. Demurrer to intervening petition.

The petition states, in substance, that the Laclede Wire & Fence Company is indebted to the petitioner for work and labor done by him, and also for work and labor performed by others who have assigned their claims to him for value, no claim being for more than $60; that after said indebtedness accrued the above-entitled case was instituted by attachment, and all the available property of the defendant seized; that the property so seized remained in the

------

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

marshal's hands until judgment was recovered in said suit, and an execution levied upon it; that said property has been sold under said execution; and that before said sale took place the intervenor notified both the Cambria Iron Company and said marshal of his claims. Wherefore the petitioner prays that said marshal be ordered to pay and satisfy the petitioner's demands before satisfying said execution.

*Paul Coste,* for intervenor.

*Taylor & Pollard,* for plaintiff.

TREAT, J. Under the agreed statement of facts there is only one question to be determined, viz., whether the lien of an attachment, after wages earned, cuts off the demand for said wages under section 761, Rev. St. Mo. The obvious purpose of such statute is to make the property of a corporation specially subject to the wages therein named, unless there was, prior to the earning of said wages, a specific lien. A subsequent lien by attachment does not deprive the laborer for wages earned, from priority of right therefor.

Demurrer to intervening petition overruled. Payment ordered to the intervenor of the balance in the hands of the marshal, less the costs of said intervention.